No. 37,164

JAMES F. ROBISON, *Appellee* and *Cross-appellant*, v. CHAIN ROBISON, doing business as Mid-West Royalty Company of Wichita, *Appellant*.

(196 P. 2d 159)

Opinion filed July 10, 1948.

*L. J. Bond* and *Robert M. Bond,* both of El Dorado, were on the briefs for the appellant.

*R. C. Woodward* and *H. Pauline Woodward,* both of El Dorado, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant appeals from a judgment of the district

court that a purported sheriff's deed, issued as the result of a sale of an oil and gas royalty under a tax warrant, was null and void.

Insofar as is necessary to a determination, the pleadings are summarized as follows:

In his petition, plaintiff alleged that he had been the owner of 110 acres on the east side of the southwest quarter of section 16, township 25 south, range 5 east, in Butler county, which had been leased for oil and gas and under which lease there was production; that he had sold the real estate except oil and gas thereunder to L. W. Robison, and had sold the oil and gas and other minerals thereunder to one Brosius; that later by a so-called "royalty assignment" Brosius conveyed to plaintiff an "undivided twenty acres (20) royalty acres in all oil and gas produced, saved and marketed from any and all wells which may be drilled on" the above-described real estate; that on October 2, 1946, the sheriff of Butler county purported to sell and convey to the defendant, pursuant to an alleged levy for delinquent personal property taxes due from the plaintiff, the undivided twenty royalty acres above mentioned and that the conveyance was by a sheriff's deed duly recorded in the office of the register of deeds of Butler county; that the sale was made under the provisions of G. S. 1945 Supp., 79-2101, and pursuant to an alleged levy upon the goods and chattels of plaintiff to satisfy a personal property tax warrant against him in the sum of $30.17; that the sheriff's deed cast a cloud upon the title of the plaintiff to the undivided twenty royalty acres and by virtue of the deed defendant asserted title to plaintiff's interest. Plaintiff further alleged that the purported levy, sale and the sheriff's deed executed pursuant thereto, were wholly null and void for eleven asserted reasons, including that the purported levy was null and void and ineffectual to bind the property of plaintiff in that the sheriff did not take the property into possession nor exercise such control thereof as the nature of the property permitted; that during the interim between the levy and the purported sale, oil was continuously being produced from the premises and was being removed therefrom without let or hindrance from the sheriff or notice by him to the producers or purchasers of such oil of the fact of the alleged levy. Plaintiff prayed that the sheriff's deed be adjudged null and void and set aside and that title of plaintiff be quieted. A copy of the sheriff's deed was attached to and made a part of the petition.

Defendant's answer admitted the sale and the execution and delivery of the sheriff's deed to him and that the deed had been re-

corded. He alleged that the proceedings were regular and legal and that plaintiff was not entitled to relief, and prayed that his title be quieted.

As the result of a trial, the court found the sheriff's deed to be null and void, set it aside and rendered judgment quieting title as against the defendant. In due time defendant filed his motion for a new trial, asserting as grounds therefor erroneous rulings of the court and that the judgment was contrary to the evidence. This motion was denied and defendant perfected his appeal to this court from the judgment and decision of the trial court. The plaintiff perfected a cross appeal from such findings and rulings as were adverse to him.

In this court, defendant specifies error in the ruling of the trial court in not sustaining his demurrer to plaintiff's evidence in rendering judgment against him, in denying his motion for a new trial, and in making a finding of fact that no legal levy was made by the sheriff. Defendant did not appeal from the ruling denying his motion for a new trial and no further attention will be given that specification of error. The other specifications may be discussed together.

It may here be noted that at the trial many facts were stipulated and testimony as to others was received. At the conclusion of the trial the parties were given time to file briefs and did so. The journal entry of judgment includes no findings of fact or conclusions of law other than the court's finding the sheriff's deed was null and void. Appellant's abstract discloses that appellee's brief in the trial court contained eleven enumerated questions and that the trial court by letter gave answers thereto. One question was: "Was any legal levy ever made by the Sheriff on the property in question?" and the trial court's answer was "No." The correctness of that answer is the sole question presented in appellant's brief. Although appellee objects that no findings of fact were requested or made nor included in the journal entry of judgment, it is clear that validity of the levy made was a question for decision in the trial court. If the levy was not valid, the trial court's judgment was correct, and we shall therefore consider the question.

For present purposes we shall assume that the property in question was properly listed on the tax rolls as personal property of the appellee and a tax levied thereon which the appellee did not pay, and that a tax warrant was properly issued and came into the hands

of the sheriff, and that upon the receipt of such tax warrant the sheriff proceeded "to collect said taxes the same as upon execution." (G. S. 1945 Supp. 79-2101.)

The testimony pertaining to the levy showed that Enright, a deputy sheriff of Butler county, received from the county treasurer of Butler county, a personal tax warrant against appellee and that he went out to the above described real property and made a levy upon property "that was proposed to be owned" by appellee, and that he and Dace, undersheriff, went out at the Robison lease and "posted a notice on the tank, or something. He didn't remember just where they put it." They didn't see anybody at the lease when they got there. They posted the notice and came away. If Dace testified his evidence is not abstracted. The witness Doan testified he lived on the lease and saw the posted notice prior to the sale. The tax warrant was in evidence. It contains no statement concerning any levy or how it may have been made, and the only return on the tax warrant shows only fees charged and a statement: "Sold October 2nd, A. D. 1946, at public auction the royalty interest shown in the attached publication notice, to W. C. Robison for $50.00." We note also that appellee testified that he had no notice of the sale held October 2, 1946, and the first he knew the property had been sold was that when he did not get his royalty check he called the Skelly office and they told him the property had been sold for taxes; that he had never talked to anyone about the property being sold for taxes before the sale.

Concededly the sale in question was held under G. S. 1945 Supp. 79-2101. It need not be reviewed fully. In a general way it may be noted that provisions are made that when personal property taxes are not paid, the county treasurer must give certain notices and if the taxes are not paid within the time specified the county treasurer shall "issue a warrant under his hand directed to the sheriff of the county, commanding him to levy the amount of such unpaid taxes and the interest thereon, together with his fees for collecting the same, upon any personal property, tangible or intangible, of the person, . . . to whom such taxes were assessed. Such warrant shall be delivered to the sheriff. Upon receipt of such tax warrant, the sheriff shall proceed to collect said taxes the same as upon his execution." The statute then makes provision for return of all tax warrants, and if a warrant shows the tax has not been collected, for filing an abstract and the warrant with the clerk of

the district court, who shall enter the total amount due on his judgment docket and the same shall become a judgment in the same manner and to the same extent as any other judgment under the code of civil procedure. No specific provision is made as to the manner in which the levy is to be made nor as to execution upon intangible property, but it is provided that: "Execution, garnishment or other proceedings in aid of execution may issue within the county or to any other county on said judgment . . ."

Appellant argues that all the sheriff must do to make a valid levy is to exercise dominion over the property and post the notice required by statute (evidently referring to G. S. 1935, 60-3412). He directs our attention to 21 Am. Jur. 58, § 107, where it is said that the law generally does not prescribe detailed methods of procedure, and assuming the authority of the officer to make the levy upon personal property the question of what constitutes a valid levy depends "upon the combined results of the circumstances of each particular case, rather than upon the existence or nonexistence of any one particular circumstance which properly may, or usually does, accompany, evidence, or form a part of, the act of making a levy," and to the following section where it is said that in order to constitute a valid levy of execution upon personal property there must be an intent on the part of the officer to control the property, and that such intent may be indicated by an assertion of dominion or some overt act equivalent thereto, under claim of right and authority as derived from the process in his possession. He also directs our attention to 17 R. C. L. 179 et seq., where a similar more complete discussion of the subject may be found. In 33 C. J. S. 243, it is said that the sufficiency of a levy on personal property depends largely on the circumstances of each case, the applicable statutes if there are any, the character of the property levied on and the status of the party challenging its sufficiency. Many authorities may be found that to constitute a valid levy the officer must reduce the property to his possession or bring it within his control and the same authorities state that seizure, either actual or constructive, is necessary and that a mere paper levy is insufficient. See 23 C. J. 435, 33 C. J. S. 243, and 21 Am. Jur. 60, § 110.

From the above it is clear the character of the property sought to be levied on is of importance. As has been pointed out, the sheriff's return on the tax warrant described the property sold as that "shown in the attached publication notice." That notice

described the property as "The undivided 20 royalty acres in all oil and gas produced, saved and marketed from the east 110 acres of the SW/4 of section 16," etc., and the same description appears in the "sheriff's deed" issued to the appellant. Notwithstanding a "deed" form was used, there can be no argument but that the property is personal property (G. S. 1935, 79-329, 79-330). If it were real estate an entirely different method of procedure would have been pursued to collect taxes (G. S. 1945 Supp. 79-2801) and the present proceeding would have been a nullity in its entirety. Treated as personal property, the following is to be observed.

Although frequently defined "royalty" may be said to be the compensation paid to the owner of the mineral interest in land where oil, gas or other mineral is produced under a lease. (See, e. g., *Rathbun v. Williams*, 154 Kan. 601, 603, 121 P. 2d 243.) We need not discuss at length the exact meaning of the words "royalty acres" for under the royalty assignment from Brosius to appellee it is clear the intent was to convey two-elevenths of the royalty. Under the assignment, the appellee became entitled to receive from the lessee under the oil and gas lease or the pipe-line company the *proceeds* from the production of all the oil and gas to the extent of two-elevenths of the royalty. We need not discuss whether these *proceeds* were tangible or intangible property or not, or constituted a chose in action for no attempt was made to reach the proceeds as such under any remedy granted by the tax statute mentioned. On the contrary, the attempt was made to reach the basic right from which those proceeds flowed. That right was intangible, and it of itself had no connection with the real estate from which the oil and gas were produced. Although the statute has since been amended (see Laws 1947, chs. 454 and 455, G. S. 1947 Supp. 79-2101) at the time here involved, there was no specific provision for subjecting such right as is presently involved to the payment of personal property taxes, unless as a result of proceedings in aid of execution, which here were not invoked. We need not discuss the analogy existing between the right presently involved and shares in a corporation, other than to note that the legislature long since recognized the necessity for specific legislation with respect to the latter (see G. S. 1935, 60-3409). We have heretofore noted that the legislature recently has amended G. S. 1945 Supp. 79-2101, to provide a specific procedure.

In 2 Freeman on Executions (3d ed.) p. 1472, § 262a, it is stated

that in the greater number of states, choses in action and other personal property not capable of manual delivery, are reached by trustee process, foreign attachment, garnishment or by proceedings supplemental to execution and not by direct seizure. Under the circumstances the posting of a notice on the leasehold was not a good levy upon the interest of an owner of a part of the royalty.

It has been held repeatedly by this court that the whole matter of taxation, including the levy and collection of taxes, is statutory and does not exist apart from statute. (See, e. g., *Equitable Life Assurance Society v. Hobbs*, 155 Kan. 534, 127 P. 2d 477, and *Sherman County Comm'rs v. Alden*, 158 Kan. 487, 492, 148 P. 2d 509, and cases cited.) We are. of opinion that the property here sought to be reached was intangible in nature, was not capable of manual delivery, was not constructively seized by posting of the notice by the sheriff, was not subject under the statute to be taken in the manner it was, and that the trial court .properly concluded there had not been a legal levy.

In view of our conclusions, it is not necessary to discuss the appellee's cross-appeal.

The judgment of the trial court is affirmed.